**UNITED STATES of America, Plaintiff,**

v.

**John William DALTON, Defendant.**

**Crim. A. No. 92–CR–186.**

United States District Court,
D. Colorado.

July 31, 1992.

Joseph Mackey, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Charles Szekely, Asst. Federal Public Defender, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant John William Dalton (Dalton) is charged under 18 U.S.C. § 922(*o*) (1990) (section 922(*o*)) in a two count indictment with possessing and transferring a machine gun. Dalton moves to dismiss the indictment on the basis that this prosecution violates the double jeopardy clause of the Fifth Amendment. The motion has been briefed fully and I received argument on it at a June 26, 1992 hearing. The motion is granted.

The instant indictment alleges that on or about March 2, 1990 Dalton possessed and transferred a P.W.A. Commando 5.56 millimeter machine gun, serial number 6671, which was not registered in the National Firearms Registration and Transfer Records. Dalton was convicted for this identical conduct in 1991 under 26 U.S.C. §§ 5861(d) and (e) (1968) (section 5861). *United States v. Dalton,* No. 90–CR–127 (D.Colo.). Sections 5861(d) and (e) make it illegal to possess and transfer, respectively, a firearm which is not registered in the National Firearms Registration and Transfer Records. A machine gun is a type of firearm which, if it could, must be registered to avoid violating sections 5861(d) and (e). *See* 26 U.S.C. §§ 5861(d) and (e); 26 U.S.C. § 5845(a)(6) (defining machine gun as a firearm).

The United States Court of Appeals for the Tenth Circuit vacated Dalton's section 5861 convictions and remanded with in-

structions to dismiss that indictment. *United States v. Dalton*, 960 F.2d 121 (10th Cir.1992). In vacating Dalton's section 5861 convictions the Tenth Circuit reasoned that section 922(*o* ) eliminates section 5861's constitutional power to tax and register machine guns. *Dalton*, 960 F.2d at 125. Because of the enactment of section 922(*o* ) machine guns are unregisterable. *Dalton*, 960 F.2d at 126. Thus, Dalton's section 5861 convictions violated his due process rights because he was convicted of a crime he could not perform (i.e. registration of a machine gun). *Dalton*, 960 F.2d at 126.

The government filed the present section 922(*o* ) charges against Dalton after dismissal of the section 5861 indictment. Dalton now argues that double jeopardy precludes this section 922(*o* ) prosecution because he was prosecuted already under section 5861 for the identical conduct alleged here.

The double jeopardy clause of the Fifth Amendment provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb". *U.S. Const. amend. V.* I employ a two step analysis to determine whether Dalton is being prosecuted for the "same offence" as prohibited by the double jeopardy clause. First, I apply the double jeopardy test promulgated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Grady v. Corbin*, 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990). If application of the *Blockburger* test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other then the inquiry ceases and the subsequent prosecution is barred. *Grady*, 495 U.S. at 516, 110 S.Ct. at 2090. If the subsequent prosecution survives the *Blockburger* test I then apply the test promulgated in *Grady* to determine whether double jeopardy bars the successive prosecution. *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093.

*Blockburger* sets forth the following double jeopardy test:

The applicable rule is where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . . A single act may be an offense against two statutes; and if each requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other statute.

*Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182 (citations omitted). *See also Grady*, 495 U.S. at 510, 110 S.Ct. at 2087.

*Blockburger* 's preliminary requirement that both prosecutions arise out of the same act or transaction which constitutes an alleged violation of two distinct statutory provisions is satisfied here. Dalton is being prosecuted for possessing and transferring a machine gun on or about March 2, 1990 in violation of section 922(*o* ). The section 5861 prosecutions were based on this same conduct.

With this preliminary requirement satisfied, the test I apply to determine whether there are two offenses or only one is "whether each provision requires proof of an additional fact which the other does not". *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182; *Grady*, 495 U.S. at 510, 110 S.Ct. at 2087. In a section 922(*o* ) possession and transfer prosecution the government must prove the defendant possessed and transferred a machine gun. 18 U.S.C. § 922(*o* ). In section 5861(d) and (e) prosecutions the government must prove the defendant possessed and transferred an unregistered firearm. 26 U.S.C. §§ 5861(d) and (e). All machine guns, however, are unregistered firearms within the meaning of section 5861. *Dalton*, 960 F.2d at 125. Thus, in proving violations of section 922(*o* )'s possession and transfer provisions the prosecution unavoidably proves violations of sections 5861(d) and (e). After a section 922(*o* ) conviction, therefore, no additional facts need to be proven to establish violations of sections 5861(d) and (e). Under *Blockburger* double jeopardy bars section 5861(d) and (e) prosecutions after a prosecution under section 922(*o* )'s posses-

sion and transfer provisions. Accordingly, for double jeopardy purposes section 5861(d) and (e) and section 922(*o*) are the same offense where the unregistered firearm at issue is a machine gun.

The order of Dalton's prosecutions for the same offense, however, is reversed. The sequence of the prosecutions, though, is immaterial. *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977). Thus, it makes no difference that Dalton was prosecuted first under sections 5861(d) and (e) and second under section 922(*o*). Whatever the sequence double jeopardy bars the later prosecution because they are the same offense. *Brown*, 432 U.S. at 169, 97 S.Ct. at 2227. Accordingly, this prosecution is prohibited by the double jeopardy clause.

Even if it can be argued that this prosecution survives *Blockburger* scrutiny it fails under *Grady*. Under *Grady* double jeopardy bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has been prosecuted. *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093.

To prove these section 922(*o*) charges the government must establish that Dalton possessed and transferred a machine gun. As pointed out above, a machine gun cannot be registered and is, therefore, an unregistered firearm under sections 5861(d) and (e). *Dalton*, 960 F.2d at 125. Thus, in establishing section 922(*o*) possession and transfer violations the government inevitably proves that Dalton possessed and transferred an unregistered firearm. It, therefore, will prove conduct constituting section 5861(d) and (e) violations—offenses for which Dalton has been prosecuted already. Consequently, double jeopardy bars this section 922(*o*) prosecution. *Grady*, 495 U.S. at 523, 110 S.Ct. at 2094.

In reaching this result under *Grady* I am mindful of and adhere to the Supreme Court's caution that *Grady* should not be applied literally or read out of context. *United States v. Felix*, —— U.S. ——, ——, 112 S.Ct. 1377, 1383–84, 118 L.Ed.2d 25, 35

(1992). This case is different from *Felix*, where the Supreme Court refused to apply *Grady* expansively. The narrow contexts in which *Grady* applies are evident from *Felix* where the Supreme Court concluded *Grady* was inapplicable.

In *Felix*, the conduct establishing an essential element of the prosecution's case in a subsequent prosecution was introduced in an earlier prosecution for the limited purpose of showing intent under Fed.R.Evid. 404(b). Felix, however, was not prosecuted for that conduct in the earlier prosecution. Here, unlike *Felix*, the government will prove identical conduct constituting an offense for which Dalton *has been prosecuted* to establish the pending section 922(*o*) charges. Also, unlike *Felix* this case does not involve the multi-layered conduct of a conspiracy to which *Grady* is inapplicable. *See Felix*, —— U.S. at ——, 112 S.Ct. at 1384–86, 118 L.Ed.2d at 36–37. Because this case involves a single transaction the same difficulties encountered in applying *Grady* to a conspiracy involving multi-layered conduct are not operative here.

Rather, this case falls squarely within the narrow *Grady* context. In *Grady* the defendant, driving while intoxicated, crossed the median of a highway and collided with an on-coming vehicle. One of the passengers in the other vehicle was killed and the other seriously injured as a result of the accident. Shortly after the collision the defendant was convicted of driving while intoxicated and failing to keep right of the median, misdemeanor traffic offenses. Two months after being convicted of these misdemeanors the state charged him with homicide and assault arising from the accident. To prove essential elements of the homicide and assault charges the state was going to demonstrate that the defendant was driving while intoxicated and failed to keep right of the median. The Court held that double jeopardy barred the homicide and assault prosecutions because to establish an essential element of these crimes the prosecution would prove conduct which constitutes offenses for

which the defendant has been prosecuted. *Grady,* 495 U.S. at 523, 110 S.Ct. at 2094.

To establish the pending charges here, as in *Grady,* the government will prove identical conduct underlying crimes for which Dalton has been prosecuted and exonerated following appeal. Thus, this case falls within the narrow confines of *Grady.*

Furthermore, applying *Grady* to this case ensures an accused's protections against the hardships of successive trials on the same offense. Double jeopardy protects against the embarrassment, anxiety, and expense of successive trials on the same offense. *Grady,* 495 U.S. at 518, 110 S.Ct. at 2091–92. It also protects against the risk of erroneous convictions, in that with each successive prosecution for the same offense the prosecution can refine its strategy and discover, by trial and error, the most effective means of presenting its case. *Grady,* 495 U.S. at 518, 110 S.Ct. at 2091–92. Through this process, however, an accused is repeatedly subject to the burdens and anxieties associated with a prosecution. *Grady,* 495 U.S. at 519, 110 S.Ct. at 2092. Because Dalton is being prosecuted for the same offense double jeopardy properly spares him the burden of facing his prosecution.

The United States argues that because Dalton's convictions were not reversed for insufficiency of evidence re-prosecution is proper. *Montana v. Hall,* 481 U.S. 400, 403, 107 S.Ct. 1825, 1826–27, 95 L.Ed.2d 354 (1987). The Tenth Circuit reasoned that Dalton's due process rights were violated because he was convicted of a crime he could not perform. It is, thus, reasonable to conclude that the evidence was necessarily insufficient. The question is circular and need not be answered because this case, like *Brown v. Ohio,* raises double jeopardy issues independent of those which arise after a conviction is reversed on appeal. *See Brown,* 432 U.S. at 165 n. 5, 97 S.Ct. at 2225 n. 5. *See also Hall,* 481 U.S. at 404 n. 2, 107 S.Ct. at 1827 n. 2 (recognizing that where *Blockburger* double jeopardy issues are implicated the rule allowing re-prosecutions after a reversal on grounds other than insufficiency of the evidence is inapplicable).

It is Dalton's prosecution for the section 5861 charges and not the reversal of these convictions which drives the double jeopardy analysis here. Even if Dalton pled guilty to the section 5861(d) and (e) charges, or the jury acquitted him of these charges, the *Blockburger* and *Grady* inquiries answer whether double jeopardy bars the pending section 922(o) prosecution. The government's argument that it can re-prosecute after a successful appeal is inapplicable. Under *Blockburger* and *Grady* double jeopardy bars this section 922(o) prosecution.

Accordingly, IT IS ORDERED that Dalton's motion for dismissal of the indictment IS GRANTED, and the indictment is dismissed with prejudice.