**UNITED STATES of America, Plaintiff,**

v.

**Alfred LEMMON, Defendant.**

**CR No. 91–362–FR.**

United States District Court,
D. Oregon.

Oct. 6, 1992.

Charles H. Turner, U.S. Atty., John F. Deits, Asst. U.S. Atty., Portland, Or., for plaintiff.

Robert A. Goffredi, Reese & Goffredi, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant, Alfred Lemmon, to continue release status pending appeal (# 74).

## BACKGROUND

Lemmon was found guilty by jury of three offenses involving unlawfully making, transferring and possessing silencers, and possessing a sawed-off shotgun. Lemmon was sentenced to serve a term of imprisonment of thirty months to commence on September 30, 1992. In order to allow the court time in which to consider the merits of this motion, the date that Lemmon must surrender himself to a designated penitentiary has been moved to October 13, 1992.

Lemmon now moves the court pursuant to 18 U.S.C. § 3143(b) for an order continuing his release from custody during the pendency of the appeal of his conviction. Lemmon contends that the inclusion of evidence concerning "auto sears" during the trial and the use of this evidence during closing argument constituted reversible error and will likely result in a new trial. The government contends that the evidence of Lemmon's guilt was overwhelming, and that the evidence of the "auto sears," even if it was error for this court to allow it, is not likely to result in a reversal of all counts.

## APPLICABLE LAW

18 U.S.C. § 3143(b)(1) provides, in part, as follows:

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment....

■ A substantial question under section 3143(b) is one that is "fairly debatable" or "one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985).

## ANALYSIS

■ Lemmon is not a person who is likely to flee or who poses a danger to the community. There are no facts to support a finding that Lemmon has filed the appeal for the purpose of delay. The only issue is whether there is a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment.

The jury rejected Lemmon's defense of good faith to the charges of unlawfully making a silencer. The only contention on appeal that Lemmon identifies is that it was error for this court to have admitted into evidence "autosears," devices which were made by Lemmon for another defendant that are used to convert semi-automatic weapons into illegal machine guns. Given that Lemmon was being charged with the illegal manufacture of firearms and that his defense was a good faith reasonable belief that the firearms he manufactured were legal, the offer into evidence of the "autosears" was relevant to rebut this defense.

In any event, Lemmon did not present a good faith defense to the charge of possession of a sawed-off shotgun, and there is no error identified which would likely result in a reversal of that count.

## CONCLUSION

The court concludes that Lemmon cannot meet the requirements of 18 U.S.C. § 3143(b)(1) for release pending appeal.

Lemmon's motion to continue release status pending appeal (# 74) is denied.