**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Wayde Lynn KURT, Defendant–
Appellant.**

**Nos. 92–30193, 92–30194.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1993.

Decided March 8, 1993.

**74**

Mark E. Vovos, Spokane, WA, for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., Yakima, WA, for plaintiff-appellee.

Before: FARRIS, KLEINFELD, Circuit Judges, and DAVID ALAN EZRA,* District Judge.

DAVID ALAN EZRA, District Judge:

Wayde Lynn Kurt brings this appeal from his conviction on consolidated charges of unlawful possession of an unregistered machine gun, in violation of 26 U.S.C. § 5861(d), and failure to appear, in violation of 18 U.S.C. § 3146(a), for which he was sentenced to consecutive imprisonment terms of sixteen and twenty-one months respectively. Kurt contends that the district court erred by denying his motion to suppress evidence obtained pursuant to a warrant defectively based on unsworn testimony, and, with respect to the unlawful possession charge, by convicting him in the absence of any evidence that the gun he owned could legally have been registered. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM the judgment of the district court.

## I. Facts

In late December 1987, police officers in Snohomish County, Washington, were investigating the homicide of Zachary Smith. On the basis of an informant's tip, the officers obtained a valid warrant from a Snohomish County superior court judge to search 413 West Sixth Street in Cle Elum, Washington, where they believed Kurt lived with his parents.

The officers executed the warrant on January 5, 1988. Kurt's mother told the officers that Kurt did not live there, and that his correct address was 401½ Montgomery Street in Cle Elum. The officers contacted a different Snohomish County superior court judge, who permitted them to amend the warrant by penciling in the correct address. The officer who spoke with the second judge was not placed under oath. The amended warrant was executed by several state police officers and a special agent of the U.S. Department of Treasury Bureau of Alcohol, Tobacco, and Firearms. A machine gun was found and Kurt was arrested.

On January 13, 1988, an indictment was returned against Kurt charging him with possession of an unregistered machine gun, in violation of 26 U.S.C. § 5861(d). That indictment was dismissed without prejudice. Kurt was reindicted on the same charge on October 16, 1990. Trial commenced on January 6, 1992. A jury returned a guilty verdict on both the possession charge and the bail jumping charge the next day.

Subsequently, Kurt challenged the constitutionality of his conviction in a motion to dismiss. 18 U.S.C. § 922(o), enacted in 1986, makes it illegal to possess a machine gun. Since section 5861(d) does not allow the registration of a firearm that it is illegal to possess, Kurt could not have registered his gun unless he owned it prior to May 19, 1986, when section 922(o) became effective. The record was devoid of any evidence as to when Kurt acquired the gun. The district court concluded that the burden was on the defendant to show that the gun was acquired at a time when it could not possibly be registered and on that basis denied Kurt's motion.

Kurt appealed from the district court's denial of his motion to dismiss and from its refusal to suppress the evidence obtained as a result of the unsworn testimony. On February 17, 1993, a separate panel of the Ninth Circuit affirmed the validity of the

---

* Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

search of Kurt's home in a separate prosecution for counterfeiting and possession of counterfeiting paraphernalia. *See U.S. v. Kurt*, 986 F.2d 309 (9th Cir.1993). Under the law of the case we affirm the district court's denial of the motion to suppress for this prosecution and consider only the propriety of his conviction.

## II. Analysis

Kurt was found guilty of possessing an unregistered firearm in violation of the National Firearms Act, 26 U.S.C. § 5861(d) ("NFA"). It provides:

> It shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . .

A separate criminal statute, 18 U.S.C. § 922(*o*), prohibits the possession of any machine gun made after that statute's effective date in 1986. Section 922(*o*) provides:

> Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machine gun. This subsection does not apply with respect to .... any lawful transfer or lawful machine gun that was lawfully possessed before the date that this subsection takes effect.

The NFA specifically provides that all applications to register a firearm will be denied if it is illegal to possess or transfer the weapon. 26 U.S.C. § 5812 (registration application denied "if the transfer, receipt, or possession of the firearm would place the transferee in violation of law."). Consequently, compliance with the requirements of § 5861(d) is impossible for any weapon that was purchased after May 19, 1986, the day § 922(*o*) became effective.

Although the prosecution could have proceeded under § 922(*o*), the government made a clear choice to proceed under § 5861, by indicting and then reindicting Kurt under that section.

In *U.S. v. Dalton*, 960 F.2d 121 (10th Cir.1992), the court vacated a conviction under § 5861(d) on the ground that no constitutional basis for the registration re-

quirements, which were passed for the purpose of aiding the taxing function, existed after the enactment of § 922(*o*). The court favorably cited *United States v. Rock Island Armory, Inc.*, 773 F.Supp. 117 (C.D.Ill.1991):

> We agree with the reasoning in *Rock Island Armory* that because the registration requirements of the National Firearms Act were passed pursuant to the taxing power, *id.* at 119, and because after the enactment of section 922(*o*) the government will no longer register or tax machine guns, *id.* at 118, section 922(*o*) has "removed the constitutional legitimacy of registration as an aid to taxation," *id.* at 125. "Thus, § 922(*o*) undercuts the constitutional basis of registration which had been the rule since *Sonzinsky* [*v. U.S.*, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937) ].

*Dalton*, 960 F.2d at 124–25.

The *Dalton* court also looked favorably upon an argument challenging the fundamental fairness of the conviction:

> Because the crimes of which Dalton was convicted have as an essential element his failure to do an act that he is incapable of performing, his fundamental fairness argument is persuasive. *Cf. United States v. Spingola*, 464 F.2d 909, 911 (7th Cir.1972); 1 W. LaFave & A. Scott, Jr. *Substantive Criminal Law* § 3.3(c) at 291 (1986) ("one cannot be criminally liable for failing to do an act which he is physically incapable of performing").

*Id.* at 124.

In so doing, the court rejected the argument that the gravamen of a section 5861 violation is the act of possession and not the failure to register, relying on *Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) (striking down a conviction under an earlier version of the NFA that made possession of a unregistered firearm and failure to register separate offenses).

While we note with favor the analysis in *Dalton*, we need not resolve the question of whether Kurt could have been convicted under § 5861 if he was in possession of a

gun which had been purchased or converted after May 19, 1986, since he has failed to show that § 5861 is unconstitutional in its application to him.

■ Here, unlike in *Dalton*, the record is devoid of any evidence as to when the machine gun possessed by Dalton was purchased or converted. Since § 5861 could constitutionally be applied to a person who purchased a machine gun prior to May 19, 1986, it was Kurt's burden to show that he was a member of the class arguably unconstitutionally affected by the statute. A defendant cannot claim a statute is unconstitutional in some of its reaches if the statute is constitutional as applied to him. *United States v. Raines*, 362 U.S. 17, 21–22, 80 S.Ct. 519, 523, 4 L.Ed.2d 524 (1960); *United States v. Smith*, 818 F.2d 687, 690 (9th Cir.1987); *Brache v. County of Westchester*, 658 F.2d 47, 51 (2d Cir.1981).

In *U.S. v. Zavala–Serra*, 853 F.2d 1512 (9th Cir.1988), we rejected the argument that 21 U.S.C. § 841(b)(1)(B) violates the equal protection and due process components of the Fifth Amendment by denying parole to an offender without regard to his role in the illegal drug transaction or the purity of the drug involved because the defendant there had failed to show either that he was a minor figure in the conspiracy or that the drug involved was impure. *Id.* at 1517. So, too, Kurt has failed to make the required showing necessary to challenge the constitutionality of § 5861.

■ Nonetheless, Kurt argues that the burden was on the government to show that the gun was purchased before May 19, 1986 and, hence, capable of being registered. First, Kurt argues that the terms of § 5861 compel that result. His plain language argument is clearly without merit. Section 5861 does not, by its terms, establish capability of registration as an element of the crime.

■ Second, Kurt contends that requiring him to show that the statute was unconstitutional in its application to him violates his Fifth Amendment privilege against self-incrimination by subjecting him to prosecution under § 922(*o*). That argu-

ment is also without merit. In order to challenge the constitutionality of § 5861, Kurt would had to have shown that he purchased or converted the gun after May 19, 1986. Had he done so, he argues, he would have subjected himself to prosecution under § 922(*o*), the precise provision that made it impossible for him to register a gun purchased after May 19, 1986. Consequently, he says the burden of production must have shifted back to the government to show the constitutionality of his conviction.

Any subsequent prosecution of Kurt under § 922(*o*) is barred by the Double Jeopardy Clause of the Fifth Amendment. Under *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), Double Jeopardy bars any prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has been prosecuted. *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093. *See also U.S. v. Dalton*, 795 F.Supp. 353, 355 (D.Col.1992) (following unsuccessful prosecution under § 5861(d) subsequent prosecution under § 922(*o*) barred by Fifth Amendment.) A subsequent prosecution of Kurt under § 922(*o*) would have required the government to prove conduct for which he had already been prosecuted, and thus would be barred by the Double Jeopardy Clause. Accordingly, Kurt could have shown that § 5861(d) was unconstitutional in its application to him without incriminating himself in any way.

AFFIRMED.