5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Leslie LEMMON, Defendant-Appellant.
 No. 92-30315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-91-362-1-FR; Helen J. Frye, District Judge, Presiding.
 D.Or., 804 F.Supp. 102.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Leslie Lemmon appeals his conviction, which followed a jury trial, for unlawfully making and transferring silencers and possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. Secs. 5841, 5861(d)-(f). Lemmon argues, first, that his prosecution was unconstitutional and, second, that the district court abused its discretion by allowing into evidence a pair of "auto sears," which could be used to convert legal semi-automatic weapons into illegal automatic weapons. He contends that introduction of the tool was an act of "gross prosecutorial misconduct." We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.[1]
 
 A. Constitutionality
 
 3
 Lemmon argues that his prosecution for failing to register the shotgun was illegal because portions of 26 U.S.C. Sec. 5861 were declared unconstitutional in United States v. Kurt, 988 F.2d 73 (9th Cir.1993). We disagree. Kurt addressed the question whether a defendant could constitutionally be prosecuted for failing to register a machinegun he could not legally possess. The government prevailed in Kurt because the defendant failed to show that he acquired the weapon after the effective date of the 1986 statute which made its mere possession illegal.
 
 
 4
 Lemmon's two-page supplementary brief cites the record, which, he claims, shows "the firearms in question were made or came into ... [his] possession subsequent to the 1986 effective date of the National Firearms Act." He cites no provision of the National Firearms Act, however, that makes it a crime merely to possess silencers or a sawed off shotgun. In short, Lemmon has not shown how the law prevented him from registering the firearms.
 
 B. Evidence
 
 5
 "The district judge has wide latitude" in deciding to admit or exclude evidence. United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992). "Under Fed.R.Evid. 402, '[a]ll relevant evidence is admissible,' except as otherwise provided." Id. at 423 (quoting Fed.R.Evid. 402) " 'Relevant evidence' ... [has] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "We let jurors see and hear even marginally relevant evidence because we trust them to weigh the evidence appropriately.... [W]hen the probative value of the evidence is 'substantially outweighed by the danger of unfair prejudice ... or misleading the jury,' Fed.R.Evid. 403, the evidence must be kept out." Hitt, 981 F.2d at 423. Rule 403 bars evidence that provokes " 'an emotional response in the jury or otherwise tends to affect adversely on the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.' " United States v. Ramirez-Jimenez, 967 F.2d 1321, 1327 (9th Cir.1992) (quoting United States v. Bailleux, 685 F.2d 1105, 1111 (9th Cir.1982)).
 
 
 6
 Lemmon argues that evidence of the auto sears was irrelevant and more prejudicial than probative. He argues further that because a polygraph exam indicated that he was ignorant of the illicit use to which auto sears could be put, introduction of the tool was an act of "gross prosecutorial misconduct."
 
 
 7
 Lemmon admitted at trial that he made silencers for both automatic and semi-automatic guns and sold them through a middleman, John Perry. He claimed that he did not believe his activity was illegal. The auto sears on his workbench were irrelevant to his guilt or innocence, Lemmon argues, because he did not know that they could be used for a purpose other than changing tires, and he was not charged with converting semi-automatic into automatic weapons.
 
 
 8
 We disagree. The only issue at trial was Lemmon's good faith. To believe this defense, the jury would have had to believe that Lemmon would not have done what he did knowing it was wrong. The presence in Lemmon's workshop of a tool that could be used to make illegal weapons made it more probable that he was willing to step over the line between legal and illegal activity. See Fed.R.Evid. 401. Moreover, it is unlikely that the auto sears awakened in the jury an irrational or emotional desire to punish Lemmon based upon his character alone. See Hitt, 981 F.2d at 424. The jury remained free to infer that he used them exclusively for changing tires. The district court did not abuse its discretion by admitting them as evidence. See id.
 
 
 9
 Lemmon claims, finally, that in light of his polygraph results, "the government knew" his possession of the auto sears was innocent. Thus, he argues, the government was precluded from introducing them and informing the jury of their illicit purpose.
 
 
 10
 We disagree. Polygraph evidence is generally inadmissible in court because it is unreliable and it infringes on the jury's role in determining credibility. See United States v. Lopez, 885 F.2d 1428, 1438 (9th Cir.1989) cert. denied, 493 U.S. 1032 (1990). The prosecution is not bound by evidence widely recognized to be too unreliable for juries to consider.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lemmon did not argue that his prosecution was unconstitutional in the opening brief he filed on January 19, 1993. In light of the court's March 8, 1993 decision in United States v. Kurt, 988 F.2d 73 (9th Cir.1993), however, on April 27, 1993, a panel of this court granted him leave to raise the claim in a supplemental brief