50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin C. SMITH, Defendant-Appellant.
 No. 94-35278.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benjamin C. Smith appeals the district court's denial of his 28 U.S.C. Sec. 2255 petition. Smith was convicted of possession of an unregistered firearm and other crimes. Smith contends that his conviction of possession of an unregistered firearm was unconstitutional because it was legally impossible for him to register the firearm. We have jurisdiction under 28 U.S.C. Sec. 2255 and review de novo a district court's denial of a 28 U.S.C. Sec. 2255 petition. Gonzales v. United States, 33 F.3d 1047, 1048 (9th Cir.1994). We affirm.
 
 
 3
 On November 17, 1987, Smith was indicted, inter alia, for possession of an unregistered sawed-off rifle in violation of 26 U.S.C. Sec. 5861(d) and unlawful possession of a firearm by an ex-felon or a fugitive in violation of 18 U.S.C. Sec. 922(g). On August 25, 1988, Smith was convicted, following a bench trial, for possession of an unregistered firearm, but was acquitted of the charge under 18 U.S.C. Sec. 922(g). We affirmed Smith's conviction with one minor exception. See United States v. Smith, Nos. 88-3157, 88-3162, & 88-3213, unpublished memorandum disposition (9th Cir. June 7, 1989). We also affirmed the district court's denial of Smith's first 28 U.S.C. Sec. 2255 petition. See United States v. Smith, No. 90-35636, unpublished memorandum disposition (9th Cir. Nov. 7, 1991).[1]
 
 
 4
 A prosecution is fundamentally unfair if it is legally impossible for the defendant to perform an act required by law. See United States v. Kurt, 988 F.2d 73, 75 (9th Cir.1993) (citing with favor United States v. Dalton, 960 F.2d 121, 124 (10th Cir.1992) (due process bars defendant's conviction of failure to register a machine gun under 26 U.S.C. Sec. 5861(d) because defendant cannot register such weapon due to a complete ban on machine guns after enactment of 18 U.S.C. Sec. 922(o)). The government's decision to prosecute under an inapplicable statute results in a constitutionally infirm conviction. See id.
 
 
 5
 Smith argues that his conviction of possessing an unregistered firearm under 26 U.S.C. Sec. 5861(d) was constitutionally infirm because he was prohibited from registering his sawed-off rifle by 18 U.S.C. Sec. 922(g) (outlawing possession of firearms by ex-felons or fugitives) and 26 U.S.C. Sec. 5812 (registration application denied if possession of the firearm would place the possessor in violation of law). Smith's argument is not persuasive. Different from the categorical ban on registration of machine guns, there is no statutory ban on the registration of a rifle. See 26 U.S.C. Secs. 5841 (registration of firearms), 5845 (definition of a firearm); cf. 18 U.S.C. Sec. 922(o). Even if Smith might have risked arrest or prosecution when the government discovered his ex-felon or fugitive status upon registration, the registration of the sawed-off rifle was not a legal impossibility. See Kurt, 988 F.2d at 75 (gravamen of a 26 U.S.C. Sec. 5861(d) violation is defendant's failure to register). Furthermore, Smith was indicted for violations of both 26 U.S.C. Sec. 5861(d) and 18 U.S.C. Sec. 922(g), though he was convicted of violating 26 U.S.C. Sec. 5861(d) only. Thus, the government did not choose to prosecute Smith under an inapplicable statute. See id.
 
 
 6
 Smith also contends that the district court erred in not holding an evidentiary hearing on his claim. However, since the records conclusively showed that Smith was entitled to no relief, an evidentiary hearing was not necessary. See 28 U.S.C. Sec. 2255; see also Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its response to Smith's second 28 U.S.C. Sec. 2255 petition, the government acknowledged the reviewability of Smith's constitutional challenge to his conviction, argued the merits of Smith's claim, and thus waived any procedural default argument. See Gonzales, 33 F.3d at 1049