57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard DE GALLEGOS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56184.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 9, 1995.
 
 1
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Richard de Gallegos, a former attorney, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence for his conviction for mail fraud, tax fraud and contempt. He focuses on two issues, that his Rule 35 motion for modification of sentence should have been granted because the plea agreement permitted an order of restitution to be entered for 100% of all counts instead of $1600 on the count to which he pled guilty; and that the district court abused its discretion in sentencing him under the pre-Guidelines law to 10 years in custody and ordering him to make restitution on all counts in a specific amount to be determined later by the State Bar of California. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Gallegos makes a number of different arguments in connection with the two issues he raises. We address them in the order he does.
 
 
 5
 * Gallegos contends that the indictment improperly charged as multiple offenses a single course of conduct, that he was denied effective assistance of counsel, and that the plea agreement should not have been construed to cover anything other than the single count to which he pled--all to the end that the PSR incorrectly calculated damages at $400,000. He also appears to argue that restitution is punitive for double jeopardy purposes.
 
 
 6
 Because "[e]ach mailing in furtherance of the scheme constitutes a separate [mail fraud] violation," United States v. Vaughn, 797 F.2d 1485 (9th Cir.1986), the indictment was not multiplicious. Counsel was not, therefore, ineffective in failing to raise the issue, nor in failing to object to the Presentence Report's estimate of the total actual and attempted losses from Gallegos's conduct at $400,000. Gallegos's attorney did dispute that figure, and the Presentence Report's estimate is in any event irrelevant because it was not adopted.
 
 
 7
 Because the restitution order and sentence were imposed upon Gallegos in the same proceeding, the Double Jeopardy Clause is not implicated.
 
 
 8
 Finally, the plea agreement is not ambiguous. It plainly states that Gallegos "understands that the court may order restitution as part of his sentence" and that he "stipulate[s] and agree[s] that the restitution amount shall be determined by calculating the amounts owed each of the victims named in Counts 1-20 of the indictment." There was, accordingly, nothing to construe against the government. Gallegos acknowledged at the Rule 11 hearing that he had read, understood and signed the plea agreement. Apart from this, Gallegos's argument that restitution may not be ordered as a condition of probation for other than the pled-to count was resolved adversely on direct appeal as the order was not made under the Victims and Witness Protection Act, 18 U.S.C. Sec. 3663, but as a condition of probation under the Federal Probation Act and was therefore proper. United States v. Duvall, 926 F.2d 875 (9th Cir.1991).
 
 B
 
 9
 Gallegos argues that his plea was not voluntary and knowing because he did not understand that his plea to a petty offense of contempt on Count 21 would give him five years of probation following the custodial sentence, and that counsel was ineffective on this account as well. This argument is waived, however, as it is raised for the first time on habeas appeal. Willard v. People of State of California, 812 F.2d 461, 465 (9th Cir.1987) (court of appeals will not entertain claims not presented to the district court); United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (if defendant could have raised claim on direct appeal but did not, "he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error"). In any event, neither cause nor prejudice is shown as Gallegos acknowledged in the plea agreement that he could be given consecutive custodial sentences on Counts 8 and 24 and probation (without custody) on Count 21.
 
 C
 
 10
 Gallegos appears to argue that the district court violated his right to due process by failing to correct the PSR's incorrect $400,000 estimate of losses and the period of time covered by his crime. As the PSR's estimate wasn't used, the error, if any, is inconsequential; Gallegos's due process rights are not implicated. To the extent that Gallegos argues that he was denied an opportunity to contest the amount of loss, he is incorrect because, by his plea agreement, that determination was referred to a magistrate judge and later, by his agreement, to the State Bar. We resolved the propriety of referral to the State Bar on direct appeal, and are bound by our holding that there was no reversible error.
 
 D
 
 11
 Gallegos contends that he was not given an opportunity at the Rule 11 hearing to object to his sentence. Had he been given the opportunity, he suggests, he would have indicated that his terms of probation were broader than permitted by law, or the plea agreement, and that it wasn't reasonable under the plea agreement to pay restitution of more than $1600. The points lack merit as we have already explained.
 
 E
 
 12
 Gallegos contends that the restitution order is improper because his financial resources were not considered by the sentencing court and the amount ordered exceeds his means. This argument is waived as it was not raised at the time of sentencing, or on direct appeal or in the district court on habeas. To the extent Gallegos argues that the restitution order was defective because it did not indicate whether it was made pursuant to the VWPA, we held on direct appeal that it was made under the Federal Probation Act.
 
 F
 
 13
 Gallegos apparently contends that specific performance of the plea agreement, as he interprets it--limited to one count rather than the multiple counts on which restitution was ordered--should be ordered whether or not either party is at fault. This argument fails for reasons we have already stated.
 
 G
 
 14
 Gallegos argues that sentencing disparity evidences abuse of discretion, lack of due process and denial of equal protection. He points to differences in the losses caused by, and the sentences given, to Charles Keating, Senator Montoya, and Mike Tyson, among others. However, Gallegos was sentenced under pre-Guideline law. His ten-year custodial sentence, which was parolable, is not comparable to a ten-year Guidelines sentence, which is not.
 
 H
 
 15
 Gallegos contends that he should not be held to the same technical standards as attorneys, apparently to encourage a more lenient review of his Sec. 2255 motion and appeal. He urges us to correct the erroneous PSR, and to recognize that he need not have accepted responsibility for offenses to which he didn't plead guilty in order to have his sentence reduced for acceptance of responsibility. We have already disposed of Gallegos's claims of error in the PSR, and there is no call to revisit his sentence because "acceptance of responsibility" was not raised on direct appeal. The district court made no such error, in any event.
 
 
 16
 * Gallegos contends that relying on the PSR, which stated that he had shown no remorse and that losses were $400,000, ordering restitution of more than $1600, and sentencing him to 10 years was "plain error" because he showed remorse and the restitution he made showed he was contrite. To the extent that Gallegos raised the effect of restitution he had made in his Rule 35 motion and on appeal from its denial, we have already resolved this argument adversely to him. Regardless, remorse under pre-Guidelines law is a factual determination left to the district court's discretion. There is no plain error.
 
 
 17
 Gallegos also appears to assert that the district court would not have imposed a 10 year sentence if the court had held an evidentiary hearing. This argument is waived because Gallegos never requested such a hearing in the district court and points to nothing that suggests that an evidential hearing should have been held.
 
 J
 
 18
 Gallegos's argument that the VWPA limits restitution to the offense of conviction was disposed of on direct appeal; his restitution was not ordered under that Act, but as a condition of his probation under the FPA. The law of the case prevents us from reconsidering this issue. See United States v. Kurt, 988 F.2d 73, 74-75 (9th Cir.1993).
 
 K
 
 19
 Gallegos makes the related argument that restitution cannot encompass the entire fraudulent scheme, but rather only the count of conviction, and that the court, relying on the PSR, ordered restitution intended to cover the estimated $400,000 losses set out in the PSR. We have already explained why these arguments fail.
 
 L
 
 20
 Gallegos further argues that he was deprived of the benefit of his plea bargain when the court took into consideration losses arising from dismissed counts. The cases upon which he relies, United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1991) and United States v. Fine, 946 F.2d 650 (9th Cir.1991), opinion withdrawn in part, 975 F.2d 596 (9th Cir.1992) (en banc), are Guidelines cases which do not affect Gallegos's pre-Guidelines sentence. As we have already explained, his plea agreement was not ambiguous and specifically committed Gallegos to restitution on all counts.
 
 M
 
 21
 Gallegos argues that the district court erred in accepting Gallegos's plea under Rule 11(e) based on mistakes in loss value in the PSR, on the dismissed counts which were not pled to, and on hearsay. He suggests, for this reason, the plea lacked a factual basis. However, since Gallegos failed to raise this argument on direct appeal or in the district court on habeas, it is waived. In any event, as we have held, the court did not rely on loss values in the PSR, and Gallegos's plea agreement itself permitted the court to rely on all counts in the complaint.
 
 N
 
 22
 Gallegos contends that he was not indicted for contempt until after the limitations period had expired. Because Gallegos failed to make this argument on direct appeal, or in the district court on habeas, it is waived.
 
 O
 
 23
 Gallegos argues that his restitution of more than $1600 in the face of a 10 year sentence and five years probation violates the Eighth Amendment, and that he can complain of it despite having waived appeal in the plea agreement. Whether or not waived, the ten-year sentence, of which three years were served, is not "grossly disproportionate," United States v. Feldman, 853 F.2d 648, 664 (9th Cir.1988), cert. denied., 489 U.S. 1030 (1989), to the fraudulent conduct in which Gallegos engaged. Beyond that, Gallegos may not challenge the proportionality of the restitution order here as he failed to raise that issue on direct appeal or to the district court on habeas.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3