**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario RIVERA, Defendant–Appellant.**

No. 93–4899.

United States Court of Appeals,
Eleventh Circuit.

July 14, 1995.

Edward Alan Brian, Miami, FL, for appellant.

Roberto Martinez, U.S. Atty., Richard D. Boscovich, Linda Collins Hertz, and Harriett R. Galvin, Asst. U.S. Attys., Miami, FL, for appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

Defendant-appellant Mario Rivera was convicted of receiving and possessing an unregistered firearm, in violation of 26 U.S.C.

---

§ 5861(d), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Rivera's arrest followed a successful reverse sting operation by the government. The government's confidential informant, acting on instructions from government agents, sold Rivera a .22 caliber Baretta pistol and silencer in exchange for approximately $200 worth of crack cocaine. At the time of this transaction, the silencer was not registered in accordance with the National Firearms Act.

On appeal, Rivera raises three challenges to his convictions. He contends (1) that the firearms conviction violates due process because it punishes him for possessing an unregistered firearm when registration to Rivera, a convicted felon, is precluded by law; (2) that the government should be estopped by its allegedly wrongful conduct from prosecuting Rivera; and (3) that the evidence is insufficient to sustain Rivera's convictions. Having carefully reviewed the record in this case, we conclude that there is no law to support the estoppel argument, and the evidence offered at trial is more than sufficient to sustain Rivera's convictions. Accordingly, issues two and three are without merit and require no further discussion. While issue one is also without merit, it warrants brief discussion.

The National Firearms Act, 26 U.S.C. §§ 5801–72, provides that the Secretary of the Treasury shall maintain a central registry of firearms, known as the National Firearms Registration and Transfer Record.[1] To facilitate the maintenance of this registry, the Act provides that certain firearms, including silencers,[2] shall not be transferred unless the transferor of the firearm has filed an application with the Secretary of the Treasury and the Secretary "has approved the transfer and the registration of the firearm to the transferee."[3] The Act further

provides: "Applications shall be denied if the transfer, receipt or possession of the firearm would place the transferee in violation of the law."[4] While it is the transferor of the firearm that is charged with the duty of obtaining the necessary authorization for the transfer,[5] the Act specifically provides that "[t]he transferee of the firearm shall not take possession of the firearm unless the Secretary has approved the transfer and registration of the firearm to the transferee...."[6] Moreover, § 5861(d) of the Act makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."[7] It is pursuant to this provision that Rivera was convicted.

Rivera contends that his conviction under 26 U.S.C. § 5861(d) violates due process because it was impossible for him, as a convicted felon, to comply with the transfer authorization requirements of the National Firearms Act. That is, any application for transfer of a firearm to Rivera would have been denied because it would have placed Rivera, the transferee, in violation of the law. Specifically, Rivera would have been in violation of 18 U.S.C. § 922(g), which makes it unlawful for a convicted felon "to receive any firearm ... which has been shipped or transported in interstate or foreign commerce."

Rivera relies on the Tenth Circuit's decision in *United States v. Dalton.*[8] Dalton was convicted under § 5861(d) for possession of an unregistered machine gun. The Tenth Circuit held that the conviction violated due process because a separate criminal statute, 18 U.S.C. § 922(o), prohibited possession of machine guns, making registration of such a gun a literal and legal impossibility. Rivera argues that his situation is analogous in that 18 U.S.C. § 922(g) prohibits his possession of a firearm and, therefore, renders registration

---

**1.** 26 U.S.C. § 5841(a).

**2.** *Id.* at § 5845(a)(7).

**3.** *Id.* at § 5812(a).

**4.** *Id.*

**5.** *Id.* at § 5841(c).

**6.** *Id.* at § 5812(b).

**7.** *Id.* at § 5861(d).

**8.** 960 F.2d 121 (10th Cir.1992).

of a silencer to him a literal and legal impossibility.

*Dalton* does not control this case. First, the Tenth Circuit recently limited *Dalton* such that, even in the Tenth Circuit, it does not apply to cases such as this one. In *United States v. McCollom*,[9] the defendant was convicted under § 5861(d) of possessing an unregistered sawed-off shotgun. The defendant pointed out that the shotgun was illegal because it lacked a serial number and that this illegality rendered registration impossible; relying on *Dalton*, he argued that this impossibility rendered his conviction unconstitutional. The Tenth Circuit rejected this argument, noting that the defendant's shotgun was distinguishable from the machine gun in *Dalton* in that there is no statutory ban against registration of shotguns, as there is against registration of machine guns; thus, the registration of a shotgun was not a legal impossibility. Likewise, there is no statutory ban against registration of silencers, such as that for which Rivera was convicted of possessing. Registration of such a silencer to Rivera is impossible only because he is a convicted felon. Thus, under the Tenth Circuit's recent decision in *McCollom*, the reasoning of *Dalton* is inapplicable to Rivera's case.

Moreover, the Fourth, Fifth, and Seventh Circuits have rejected the reasoning of *Dalton*, even in cases involving machine guns. All three circuits have upheld convictions under § 5861(d) for possession of machine guns, notwithstanding that 18 U.S.C. § 922(o) makes registration of machine guns impossible.[10] Rejecting the defendant's argument that § 922(o) made compliance with § 5861 impossible, the Fourth Circuit said:

[T]he two statutes are not irreconcilable because, despite [the defendant's] assertions to the contrary, [he] *can* comply with both acts. While he may not be able to register newly-made machine guns in which he deals, neither act requires him to deal in such guns. Simply put, [the defendant] can comply with both acts by refusing to deal in newly-made machine guns.[11]

Likewise, Rivera, a convicted felon, can comply with both § 922(g) and § 5861(d) by declining to possess firearms. Because he can comply with both acts, his conviction under § 5861(d) does not violate due process.

At oral argument, the government conceded that this case must be remanded for resentencing because the district court erroneously sentenced Rivera on a count that was not presented to the jury and erroneously failed to sentence him on one of the counts of conviction. Specifically, the district court erroneously sentenced Rivera for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and erroneously failed to sentence him for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Accordingly, Rivera's sentence must be vacated and the case remanded for resentencing on Rivera's counts of conviction.

For the reasons explained above, Rivera's convictions are AFFIRMED, his sentence is VACATED, and the case is REMANDED for resentencing.

9.  12 F.3d 968 (10th Cir.1993).

10.  *United States v. Jones*, 976 F.2d 176, 182–83 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2351, 124 L.Ed.2d 260 (1993); *United States v. Ardoin*, 19 F.3d 177, 179–80 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 327, 130 L.Ed.2d 287 (1994); *United States v. Ross*, 9 F.3d 1182, 1192–94 (7th Cir.1993), *vacated on other grounds*, —— U.S. ——, 114 S.Ct. 2129, 128 L.Ed.2d 860 (1994).

11.  *Jones*, 976 F.2d at 183.