UNITED STATES of America, Plaintiff,

v.

Robert Joe GAMBILL, Sr., Defendant.

No. CR–1–95–092.

United States District Court,
S.D. Ohio,
Western Division.

Jan. 2, 1996.

Peter Rosenwald, Miller & Rosenwald, Cincinnati, OH, for Robert Joe Gambill, Sr.

David J. Horne, United States Attorney's Office, Dayton, OH, for U.S.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Defendant's Motion for Judgment of Acquittal (doc. 33), the Government's Memorandum in Opposition (doc. 34), and the Government's Reply (doc. 35).

The Defendant originally made this motion, pursuant to Federal Rule of Criminal Procedure 29, at the end of the Government's case. The Court reserved its ruling until after the jury returned its verdict. See Fed. R.Crim.Pro. 29(b) (allowing court to reserve ruling until after the jury returns its verdict). The jury returned a guilty verdict on each of the six counts of the indictment. Even though the Court reserved its decision on this motion, the Court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed.R.Crim.P. 29(b).

## BACKGROUND

At trial, the Government presented evidence that the Defendant possessed two unregistered pipe bombs in violation of 26 U.S.C. § 5861(d) and § 5871 (Count I); knowingly made two pipe bombs without receiving an approved application in violation of 26 U.S.C. § 5861(f) and § 5871 (Count II); possessed an unregistered firearm silencer in violation of 26 U.S.C. § 5861(d) and § 5871 (Count III); possessed a firearm silencer without a serial number in violation 26 U.S.C. § 5861(i) (Count IV); knowingly made a firearm silencer without an approved application in violation of 26 U.S.C. § 5861(f) and § 5871 (Count V); and possessed an unregistered machine gun in violation of 26 U.S.C. § 5861(d) and 5871 (Count VI).[1] The Government presented sufficient evidence for the jury to find that the Defendant violated each of these provisions.

On cross-examination of the Government's witnesses, the Defendant established his theory that he was making the pipe bombs to kill groundhogs. Therefore, the Defendant attempted to present to the jury that the pipe bombs were not destructive devices under 26 U.S.C. § 5845(f). Additionally, the Defendant established that it would have been impossible for him to register a machine gun, since under 18 U.S.C. § 922(o) it is illegal to possess a machine gun.

## DISCUSSION

### I. The Machine Gun

At trial, the jury found Mr. Gambill guilty of possessing an unregistered machine gun in violation of the National Firearms Act ("NFA"), 26 U.S.C. § 5861(d) (enacted 1968). In 1986, Congress enacted a separate criminal statute prohibiting the possession of *any machine gun* made after 1986. 18 U.S.C. § 922(o).[2] The Government's witnesses admitted that the Government would not permit the registration of machine guns covered by section 922(o). Mr. Gambill contends that due process bars his conviction under a statute that punishes his failure to register a weapon when such registration is precluded by law. He also maintains that sections 5861(d) and 922(o) are irreconcilable. We agree and reverse his conviction under Count VI.

Section 5861(d) states that it is unlawful for any person to "receive or possess a firearm which is not *registered* to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d) (emphasis added). Section 922(o) states in pertinent part that "it shall be unlawful for any person to transfer or possess a machinegun." 18 U.S.C. § 922(o). The Bureau of Alcohol, Tobacco and Firearms' ("BATF") agents admitted at trial that all applications will be denied if it is illegal to possess or transfer the weapon. *See also* 26 U.S.C. § 5812(a) (applications will be denied if possession of the firearm would place person in violation of law). Mr. Gambill concedes that the Government could have charged him with illegal possession of a machine gun under section 922(o), but the Government chose not to do so. Instead, the Government chose to prose-

---

1. The Government established that Mr. Gambill used a trigger assembly to convert his SKS rifle into a weapon that fires in the automatic mode, known as a machine gun. The indictment charges Mr. Gambill with failing to register the machine gun he created.

2. The Government states that the Defendant did not present evidence that the machine gun was made after 1986. The testimony at trial, however, established that Mr. Gambill purchased the trigger assembly at a gun show shortly before he was arrested. Therefore, the Court finds that all of the relevant acts took place in the 1990's, well after the 1986 enactment of section 922(o).

cute Mr. Gambill under section 5861(d) with possession of an unregistered machine gun.

## A. Split in the Circuits

This case presents an issue that the United States Court of Appeals for the Sixth Circuit is yet to decide: whether section 922(o) implicitly repealed portions of the NFA. A split of opinion exists in the circuits that have addressed this question. *See United States v. Dalton,* 960 F.2d 121 (10th Cir.1992) (unconstitutional to prosecute under section 5861(d)); *United States v. Kurt,* 988 F.2d 73 (9th Cir.1993) (favoring analysis in *Dalton*); *but see United States v. Ardoin,* 19 F.3d 177 (5th Cir.1994) (finding section 5861(d) and section 922(o) reconcilable because a citizen could comply with both by not possessing a machine gun); *United States v. Ross,* 9 F.3d 1182 (7th Cir.1993) (same); *United States v. Jones,* 976 F.2d 176 (4th Cir.1992) (same); *United States v. Djelaj,* 842 F.Supp. 278 (E.D.Mich.1994) (same).

■ The Court finds the reasoning of *Dalton* to be correct, because convicting citizens for violating laws with which they cannot possibly comply is fundamentally unfair. It is hard to understand how any circuit could find such a conviction permissible when the provisions of the NFA have been totally eclipsed by section 922(o). Moreover, section 5861(d) cannot be complied with due to the refusal of the Government to permit compliance.

### 1. Implied Repeal of 5861(d)

■ A statute is repealed by implication only when that statute and a later statute are irreconcilable. *Morton v. Mancari,* 417 U.S. 535, 550, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974). We find section 922(o) and section 5861(d) irreconcilable in this case.

Until the enactment of section 922(o), a citizen could legally possess a machine gun, as long as he/she complied with the relevant registration and tax provisions of the NFA. *See Ardoin,* 19 F.3d at 183 (Wiener, J., dissenting) ("Simply put, since 1934 the NFA has said to such a citizen, 'You may manufacture, transfer, or possess a machine gun if—but only if—you register and pay taxes on

it.' "). Then, in 1986, Congress enacted section 922(o), which forbids the possession of any machine gun made after 1986. Congress did not indicate what effect section 922(o) would have on the NFA. "But undeniably the enactment of section 922(o) did effect the NFA—enormously." *Id.* The NFA forbids the BATF to register and accept taxes for illegal firearms. Consequently, Congress' enactment of section 922(o), which made the mere possession of machine guns by private citizens illegal, rendered the extensive taxation and registration provisions of the NFA meaningless. As Judge Wiener eloquently stated, "Their vestigial existence on the statute books analogizes perfectly to the human appendix: no useful function whatsoever, but unlimited potential for insidious mischief." *Id.* at 184.

Finally, the obsolescence of the NFA provisions is revealed if one looks to their original purpose. The Supreme Court upheld the validity of the NFA because it "was a revenue measure only and did not purport to exercise any general criminal power not delegated to Congress by the Constitution." *United States v. Rock Island Armory,* 773 F.Supp. 117, 121 (C.D.Ill.1991) (citing *Sonzinsky v. United States,* 300 U.S. 506, 513, 57 S.Ct. 554, 555–56, 81 L.Ed. 772 (1936)). After the enactment of Section 922(o), however, those provisions no longer produce any revenue from the possession of machine guns by private citizens. "The suggestion that a tax measure can somehow have continued vitality when it no longer taxes certainly tests one's imagination." *Ardoin,* 19 F.3d at 184 (Wiener, J., dissenting).

■ While implied repeals are disfavored, in this instance the Court is left with no other logical choice. Section 5861(d) and section 922(o) are utterly irreconcilable. Section 922(o) has superseded and supplanted section 5861(d) with respect to machine guns made and possessed after May 19, 1986.

### 2. Due Process

Gambill contends that in order to be convicted under section 5861(d) you must both possess a machine gun and fail to register it. In his motion, Gambill does not contest that he possessed a machine gun. Gambill, how-

ever, maintains that it violates fundamental fairness to convict him for failing to register his machine gun, an act which everyone agrees he could not perform.

■ The Government argues that Mr. Gambill could have complied with both section 5861(d) and section 922(*o*) by not possessing a machine gun. In effect, the Government urges us to adopt the "just say no" argument of the Fourth, Fifth and Seventh Circuits. Judge Wiener responded to this argument by saying, "Such casual, dismissive responses are just not satisfactory when it comes to engaging in an activity, such as keeping and bearing arms, that arguably implicates the Bill of Rights."[3] *Ardoin*, 19 F.3d at 186. In this case, the Court does not question Congress' authority to make a law prohibiting citizens from owning or possessing machine guns.[4] Congress did exactly that when it enacted section 922(*o*). It, however, is fundamentally unfair to prosecute citizens, like Mr. Gambill, for failing to register and pay taxes on their machine guns now that the Government prohibits them from complying with the statute.

Congress definitely has the power to tax citizens under the Sixteenth Amendment. But, surely any reasonable person would agree that it would violate due process for the Government to arrest citizens for failing to file tax returns, after Congress passed a law prohibiting the Government from accepting such returns. *See id.* Simply put, it is not the Government's ban on machine gun possession that violates due process; rather, it is the Government's prosecution of citizens like Mr. Gambill for failure to register and pay taxes on their machine guns, when the

Government will not accept such registration. *See* 1 W. LaFave & A. Scott Jr., *Substantive Criminal Law*, § 3.3(c) at 291 (1986) ("one cannot be criminally liable for failing to do an act which he is physically incapable of performing."). Mr. Gambill's conviction for possessing an unregistered machine gun is a violation of his due process rights.

Consequently, we reverse Mr. Gambill's conviction under Count VI of the indictment for two reasons. First, section 5861(d) and section 922(*o*) are irreconcilable. Second, the Government's prosecution of Mr. Gambill under section 5861(d) for possession of a machine gun violates his due process rights.

## II. Silencer and Pipe Bombs

The Defendant also argues that it would have been impossible for him to register his silencer and pipe bombs. Therefore, he argues that his convictions under Counts I through V should be reversed. We disagree.

■ First, Mr. Gambill argues that he established at trial that the Government would not permit registration of a silencer or a pipe bomb. He relies upon the fact that several agents testified that they did not know of the Government permitting such registration. No statute, however, categorically prohibits the possession of a pipe bomb or silencer. *United States v. Dodge*, 852 F.Supp. 135, 137 (D.Conn.1994); *see also United States v. McCollom*, 12 F.3d 968, 970–71 (10th Cir. 1993) (limiting *Dalton* holding to prosecutions involving machine guns); *United States v. Rivera*, 58 F.3d 600, 602 (11th Cir.1995) (holding machine guns are distinguishable from silencers because there is no statutory

---

**3.** "Statutes criminalizing the possession, transfer, and making of machine guns are merely *malum prohibitum* laws. In contrast to rape, murder, and robbery, such gun-related activities are *not* inherently bad; they are only technically or artificially illegal. Courts, however, must defer to Congress when it legislates pursuant to its enumerated powers." *Ardoin*, 19 F.3d at 186 n. 25 (Wiener, J., dissenting). Therefore, if Mr. Gambill was properly charged and convicted under section 922(*o*), the Court would be affirming his conviction. The NFA, however, is a tax law and cannot legitimately double as a *per se* prohibition against the possession of machine guns.

**4.** After the Supreme Court decision in *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131

L.Ed.2d 626 (1995), a question remains as to whether section 922(*o*) is constitutional. In *Lopez*, the Supreme Court ruled that Congress' enactment of 18 U.S.C. § 922(q), the Gun–Free School Zones Act, exceeded Congress' commerce clause authority. The Supreme Court found that possessing a gun in or near a school does not implicate a channel or instrumentality of interstate commerce. *Id.* at ——–——, 115 S.Ct. at 1630–31. Similarly, mere possession of a machine gun may not implicate interstate commerce. That issue, however, is not before this Court, and therefore, we leave the constitutionality of section 922(*o*) for another day.

ban against registration of silencers). Moreover, none of the agents who testified said they were sure that the Government would categorically deny an application to make and register a pipe bomb or silencer. In fact, all of them admitted that they were not the appropriate person to answer that question. Mr. Gambill should have followed the appropriate application procedures for his pipe bombs and silencer.

Even if it is unlikely that the Government would have accepted Mr. Gambill's silencer or pipe bombs for registration, Mr. Gambill has not cited a statute that makes the possession of such weapons illegal. In fact, BATF maintains a separate procedure for identifying destructive devices. *See* 26 U.S.C. § 5842. Section 5842(a) provides that anyone making a firearm shall identify each firearm, other than a destructive device, by serial number. A destructive device, however, shall be identified "as the Secretary may by regulations prescribe." Title 27 of the Code of Federal Regulations section 179 has extensive provisions for the identification of firearms including destructive devices. As a result, the registration of a silencer or pipe bomb is not a legal impossibility. *See McCollom,* 12 F.3d 968, 971 (10th Cir.1993). Thus, we do not find a due process violation in Mr. Gambill's conviction under Counts I through V of the indictment.

Moreover, at trial the Defendant attempted to argue that he was using the pipe bombs to kill groundhogs. While this theory appeared far-fetched, had he followed the applicable regulations he would not have been convicted. Section 179.24 of the Code of Federal Regulations provides that one may receive a ruling about whether a device is considered destructive by applying to the Director of BATF. Mr. Gambill did not present any evidence of such an application at trial.

## CONCLUSION

Accordingly, the Court hereby AFFIRMS the Defendant's conviction in Counts I, II, III, IV, and V of the indictment, but RE-

VERSES his conviction in Count VI of the indictment.

SO ORDERED.