**William Lee HUNTER, aka William Leigh Hunter, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 93–56374.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 11, 1995.

Submitted Sept. 18, 1995.

Decided Jan. 12, 1996.

Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,* District Judge.

PER CURIAM:

The National Firearms Act makes it unlawful for private citizens to possess unregistered firearms, and mandates denial of any application for registration of a firearm the possession of which is illegal. 26 U.S.C. §§ 5812, 5822. The Firearm Owners' Protection Act makes it illegal for any person to possess a machine gun that was not lawfully possessed before the statute's effective date of May 19, 1986, 18 U.S.C. § 922(*o*), and thus makes it impossible to comply with the National Firearms Act's registration requirement with respect to machine guns not lawfully possessed before May 19, 1986.

William Hunter pled guilty to possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d). He subsequently filed a § 2255 motion to vacate his sentence on the ground that the statute under which he was convicted, read in the light of section 922(*o*), was unconstitutional. The district court denied the motion, and we affirm.

## I.

Relying on *United States v. Dalton,* 960 F.2d 121 (10th Cir.1992), Hunter contends that criminalizing possession of an unregistered machine gun is fundamentally unfair because the statute prevents him from complying with the registration requirement, and that this unfairness renders his conviction unconstitutional. We disagree.

Although this circuit in dictum has "note[d] with favor the analysis in *Dalton,*" *U.S. v. Kurt,* 988 F.2d 73, 75 (9th Cir.1993), three circuits have expressly rejected the *Dalton* holding. In *U.S. v. Jones,* 976 F.2d 176 (4th Cir.1992), the Fourth Circuit reasoned that the registration requirement is not unfair, even as to machine guns made

David E. Durchfort, Kosnett & Durchfort, Los Angeles, California, for petitioner-appellant.

Wayne R. Gross, Assistant United States Attorney, Santa Ana, California, for respondent-appellee.

* The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation.

illegal under § 922(*o*), because individuals "can comply with both acts by refusing to deal in newly-made machine guns," 976 F.2d at 183. Although the passage of § 922(*o*) effectively rendered the possession of a machine gun a violation of both § 5861(d) and § 922(*o*), the Constitution does not forbid making the same conduct illegal under two statutes, and the government is permitted to prosecute under either one. *See id.; United States v. Ross,* 9 F.3d 1182, 1194 (7th Cir. 1993); *see also United States v. Ardoin,* 19 F.3d 177, 180 (5th Cir.1994).

In *U.S. v. Gann,* 732 F.2d 714 (9th Cir. 1984), we rejected an argument identical to that advanced by Hunter. Gann was convicted both of possession of a firearm by a felon and possession of an unregistered firearm. *Id.* at 721. Just as Hunter asserts it was unfair to charge him with possession of an unregistered machine gun since he could not register it, Gann argued that "since a felon cannot register a firearm, it is unfair to charge him with a separate crime for failing to do so." *Id.* We rejected that argument. *Id.*

Following *Gann* and *Jones,* we hold it was not unfair to convict Hunter of violating 26 U.S.C. § 5861(d).

### II.

■ Hunter also argues we should follow *Dalton's* holding that § 5861(d) is no longer within Congress's power to tax. As with the fundamental fairness argument, three circuits have rejected *Dalton's* reasoning, and we agree. We adopt the rationale of *Jones,* that requiring those who possess machine guns to register them is in aid of the taxing power even if the government no longer taxes possession. The manufacture of machine guns continues to be taxed, and knowing the chain of possession of a firearm would help the government determine who made it; thus, requiring registration for possession still facilitates taxation. *See Jones,* 976 F.2d at 183–84; *Ardoin,* 19 F.3d at 180.

AFFIRMED.