98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack John MILOJEVICH, Defendant-Appellant.
 No. 95-17052.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Oct. 9, 1996.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Jack John Milojevich was convicted of possession of an unregistered machine gun in violation of the National Firearms Act, 26 U.S.C. § 5861(d), and appeals a district court's order denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. Milojevich challenges his conviction on the grounds that the National Firearms Act has been implicitly repealed or, alternatively, that it is unconstitutional. We reject both arguments.
 
 I.
 
 4
 Milojevich first contends that his sentence is invalid because the National Firearms Act was implicitly repealed by the passage of the Firearms Owners' Protection Act, 18 U.S.C. § 922. The National Firearms Act makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). On the other hand, the Firearm Owners' Protection Act makes it unlawful for "any person to transfer or possess a machine gun" that was not lawfully possessed prior to the statute's effective date of May 19, 1986. 18 U.S.C. § 922(o). Since the May 19, 1986 effective date of the Firearm Owners' Protection Act, the government has refused to register or accept tax payments for machine guns, making it impossible for someone who has acquired or transferred a machine gun after May 19, 1986 to comply with the registration requirements of the National Firearms Act. Milojevich contends that this impossibility amounts to an implicit repeal of the National Firearms Act as it applies to machine guns. Milojevich's second argument is that the government's refusal to register or collect taxes on machine guns since 1986 renders the National Firearms Act unconstitutional as it relates to machine guns because it was enacted under Congress' power to tax, and it no longer serves a tax function.
 
 
 5
 Both of appellant's arguments were recently considered and rejected by this Court in Hunter v. United States, 73 F.3d 260 (9th Cir.1996) (per curiam). In Hunter, this Court held that 18 U.S.C. § 922(o) does not render a conviction under 18 U.S.C. § 5861(d) fundamentally unfair in violation of the Due Process Clause of the Fifth Amendment and that section 5861(d) continues to fall within Congress' power to tax in spite of section 922(o). Id. at 261. In doing so, the Court explicitly rejected the analysis of United States v. Dalton, 960 F.2d 121 (10th Cir.1992), cert. denied, 510 U.S. 892, 114 S.Ct. 253 (1993), on which Milojevich relies.[1]
 
 
 6
 Milojevich argues that this Court is not bound by Hunter for two reasons. First, Milojevich contends that Hunter involved a manufacturer of machine guns, as opposed to a "mere possessor," such as Milojevich. Second, Milojevich argues that the Court in Hunter did not expressly address the arguments he raises here.
 
 
 7
 Neither of Milojevich's arguments is persuasive. Despite Milojevich's contentions to the contrary, the conviction at issue in Hunter was for possession of an unregistered machine gun in violation of section 5861(d). Hunter, 73 F.2d at 261. Moreover, although the petitioner in Hunter argued that his conviction was invalid under the Due Process Clause of the Fifth Amendment because it was "fundamentally unfair," and not because section 5861(d) was implicitly repealed, the argument underlying both claims is identical--namely, that section 922(o) makes compliance with section 5861(d) impossible. Thus, the Court in Hunter turned to implied repeal decisions for guidance and explicitly rejected the reasoning advanced by Milojevich and by Dalton. Id. Finally, Hunter explicitly addressed Milojevich's arguments concerning the constitutionality of the National Firearms Act under Congress' taxing powers and held that the Act was still within Congress' power to tax. Id. Because this Court has held that the Act is still within Congress' power to tax, there is no need to address Milojevich's contention that the Supreme Court's decision in United States v. Lopez, --- U.S. ----, 115 S.Ct. 1624 (1995) precludes a finding that section 5861(d) is a valid exercise of Congress' power to regulate interstate commerce.
 
 
 8
 Having concluded that there is no basis for distinguishing Hunter, the Court is bound by that decision. The district court's order denying Milojevich's motion to vacate sentence is therefore affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 All of the other courts that have considered the issue have likewise rejected the Tenth Circuit's reasoning in Dalton. See e.g., United States v. Ardoin, 19 F.3d (5th Cir.1994) (rejecting Dalton ); United States v. Ross, 9 F.3d 1182 (7th Cir.1993) (same); United States v. Jones, 976 F.2d 176 (4th Cir.1992) (same); see also United States v. Djelaj, 842 F.Supp. 278 (E.D.Mich.1994) (same); United States v. O'Mara, 827 F.Supp. 1468 (C.D.Cal.1993) (same); United States v. Rivera, 58 F.3d 600 (11th Cir.1995) (criticizing Dalton ). Only two decisions have followed Dalton, one of which was later overruled. See United States v. Gambill, 912 F.Supp. 287 (S.D.Ohio 1996); United States v. Rock Island Armory, 717 F.Supp. 117 (C.D.Ill.1991), overruled by United States v. Ross, 9 F.3d 1182 (7th Cir.1993)