**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

CEDRICK BERNARD ALDERMAN,
         *Defendant-Appellant.*

No. 07-30186

D.C. No.
CR-06-00117-001-
JCC
Western District of
Washington,
Seattle

ORDER

Filed February 3, 2010

Before: Betty B. Fletcher, M. Margaret McKeown and
Richard A. Paez, Circuit Judges.

Order;
Dissent by Judge O'Scannlain

---

## ORDER

Judges McKeown and B. Fletcher vote to deny the petition for panel rehearing. Judge Paez votes to grant the petition for panel rehearing. Judge McKeown votes to deny the petition for rehearing en banc and Judge B. Fletcher so recommends. Judge Paez votes to grant the petition for rehearing en banc.

The full court was advised of the petition for rehearing en banc. After a request for a vote by an active judge, a vote was taken, and a majority of the active judges of the court failed to vote for a rehearing en banc. Fed. R. App. P. 35(f).

The petition for panel rehearing and rehearing en banc is DENIED.

---

O'SCANNLAIN, Circuit Judge, dissenting from the order denying rehearing en banc, joined by PAEZ, BYBEE, and BEA, Circuit Judges:

The Supreme Court has told us with increasing fervor that there are limits to the power of Congress to federalize regulation of personal conduct. The Court told us in *United States v. Lopez*, 514 U.S. 549, 559 (1995), that Congress has no power to make a federal crime of possession of a hand gun within 1,000 feet of a school, even if the gun traveled in interstate commerce. The Court told us in *United States v. Morrison*, 529 U.S. 598, 610-12 (2000), that Congress has no power to fashion a federal remedy for claims of violence against women. The Court told us in *Jones v. United States*, 529 U.S. 848 (2000), that Congress has no power to make a federal crime of arson, even if the affected building is subject to a mortgage held by a bank in another state.

For the reasons articulated by our colleague, Judge Paez, in his eloquent dissent,[1] Congress has no power to make a federal crime of possession of body armor by a felon. Because the panel majority disagrees and fails to recognize the limits imposed on Congress by *Lopez*, *Morrison*, and *Jones*, because its opinion erroneously allows the federal government to legislate in a domain traditionally regulated by the states, and because its opinion now creates a split with seven other circuits, we should have reheard this case en banc.

---

[1]*United States v. Alderman*, 565 F.3d 641, 648-58 (9th Cir. 2009) (Paez, J., dissenting).

## I

The mischief this case creates is exceptionally troublesome.[2] The majority opinion allows Congress to punish possession offenses, as long as the enacting statute includes a mere recital purporting to limit its reach to goods sold or offered for sale in interstate commerce. The majority's opinion makes *Lopez* superfluous. Insert a jurisdictional recital, the majority in effect says, and Congress need not worry about whether the prohibited conduct has a "substantial relation to interstate commerce." *Lopez*, 514 U.S. at 559. Seven circuits have expressly rejected this view of jurisdictional provisions. *United States v. Maxwell*, 446 F.3d 1210, 1218 (11th Cir. 2006); *United States v. Patton*, 451 F.3d 615, 632 (10th Cir. 2006); *United States v. Holston*, 343 F.3d 83, 88 (2d Cir. 2003); *United States v. McCoy*, 323 F.3d 1114, 1118 (9th Cir. 2003); *United States v. Corp*, 236 F.3d 325, 331 (6th Cir. 2001); *United States v. Angle*, 234 F.3d 326, 337 (7th Cir. 2000); *United States v. Rodia*, 194 F.3d 465, 472-73 (3rd Cir. 1999).

## II

But the impact of the majority's opinion does not stop there. The majority's rationale, quite literally, "makes a federal case" out of numerous crimes previously punished only by the states. *Cambridge Idioms Dictionary* (2d ed. 2006); *see*

---

[2]I will not repeat the well-reasoned analysis in Judge Paez's dissent nor the earlier decision by the Tenth Circuit as to why this statute does not survive the tests enunciated in *Lopez*, *Morrison*, *Jones*, and *Gonzales v. Raich*, 545 U.S. 1, 17-18 (2005). *See Alderman*, 565 F.3d at 648 (Paez, J., dissenting); *United States v. Patton*, 451 F.3d 615, 632 (10th Cir. 2006) (concluding that 18 U.S.C. § 931(a) fails *Morrison*). While it is true the Tenth Circuit in *Patton* ultimately upheld the statute, that was largely because of prior Tenth Circuit precedent interpreting *Scarborough v. United States*, 431 U.S. 563 (1977), *see Patton*, 451 F.3d at 634, which the Tenth Circuit strongly suggested was inconsistent with *Lopez* and *Morrison. Id.* at 636.

Andrew St. Laurent, *Reconstituting* United States v. Lopez: *Another Look at Federal Criminal Law*, 31 Colum. J.L. & Soc. Probs. 61, 113 (1998) ("A purely nominal jurisdictional requirement, that some entity or object involved in the crime be drawn from interstate commerce, does nothing to prevent the shifting of the [federal/state] balance in favor of the federal government [because] virtually all criminal actions in the United States involve the use of some object that has passed through interstate commerce.").

Such a view greatly empowers Congress to displace state legislatures with the full weight of the federal government, a result as undesirable as it is unconstitutional in the circumstances of this case. A federal statute may conflict with a state's policy judgment regarding the harshness of federal criminal punishments, *Jones*, 529 U.S. at 859 (Stevens, J., concurring) (noting improper displacement of state choices with severe federal punishments), or discourage experimentation with different state policy approaches, *see Lopez*, 514 U.S. at 583 (Kennedy, J., concurring) (suggesting that the gun statute improperly "foreclose[d] the States from experimenting"), or even intrude upon a traditional area of state concern, *Lopez*, 514 U.S. at 561; *Morrison*, 529 U.S. at 615-17. Such displacement has occurred here. At least thirty-one states regulated body armor, with a variety of approaches, until Congress overrode their choices. *Patton*, 451 F.3d at 631 & n.7 (collecting state laws).

III

The majority opinion here failed to perceive the constitutional limits on Congress's power recognized by the Court in *Lopez*, *Morrison*, *Jones*, and *Raich*. In so doing, it "convert[s] congressional authority under the Commerce Clause to a general police power of the sort retained by the States," *Lopez*, 514 U.S. at 567, contrary to Supreme Court doctrine. It is unfortunate that an en banc court will not have the opportu-

nity to correct the error in this case. For these reasons, I must respectfully dissent from the order denying rehearing en banc.