**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL VIRIYAPANTHU,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>THOMAS E. BRANDON, in his official capacity as acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>           Defendant-Appellee. | No.   14-55187<br><br>D.C. No.<br>8:13-cv-00527-CJC-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 10, 2017
Pasadena, California

Before:  PAEZ, BERZON, and CHRISTEN, Circuit Judges.

Paul Viriyapanthu appeals the district court's dismissal of his complaint for

declaratory and injunctive relief against the Acting Director of the Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF") for failure to state a claim

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the purpose of resolving this appeal, we assume, without deciding, that the M-16 pieces here at issue constitute one or more machine guns, as defined by the National Firearms Act ("NFA"). *See* 26 U.S.C. § 5845(b); *see also* 18 U.S.C. § 921(a)(23) (incorporating the NFA definition of "machinegun").[1]

1.      Viriyapanthu's possession of the M-16 machine gun pieces depicted in his 2013 letter to ATF does not fall within any of the statutory exceptions to 18 U.S.C. § 922(o). First, the government has never authorized Viriyapanthu's possession of a machine gun. *See* § 922(o)(2)(A). The transfers of the M-16 pieces to Viriyapanthu never cleared the requirements set out in 26 U.S.C. § 5812 and 27 C.F.R. §§ 479.85, 479.90–479.91, and Viriyapanthu does not allege any alternative manner in which the government authorized his receipt and possession of a

---

[1] Viriyapanthu alleged that ATF threatened prosecution if he did not surrender several M-16 pieces in his possession. He did not allege that ATF specified any statute(s) under which he would be prosecuted. The government can prosecute the same conduct—unregistered possession of a machine gun after 1986—under either 18 U.S.C. § 922(o) or 26 U.S.C. § 5861(d). *United States v. Hunter*, 73 F.3d 260, 262 (9th Cir. 1996) (per curiam). The penalties available under the statutes are substantially the same. *See* 18 U.S.C. § 924(a)(2), 924(d); 26 U.S.C. §§ 5871–72. Because we conclude that, assuming Viriyapanthu's pieces are a machine gun as defined under the NFA, the government may constitutionally prosecute Viriyapanthu under at least one federal statute, 18 U.S.C. § 922(o), no actual controversy regarding 26 U.S.C. § 5861(d) remains. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–129 (2007); *Canatella v. California*, 304 F.3d 843, 853 (9th Cir. 2002). We therefore do not reach that claim.

machine gun. Further, the portion of § 922(o)(2)(A) relating to "transfers to or by" the United States applies only to transfers, not to the machine guns so transferred. It exempts such transfers from § 922(o)(1)'s ban on *transfers* of machine guns but does not affect that paragraph's separate ban on *possession*. 18 U.S.C. § 922(o)(2).

Second, the grandfather exception does not apply because Viriyapanthu is not in "lawful possession of a machinegun," as the machine gun is not (and cannot be) registered to him. *See* 18 U.S.C. § 922(o)(2)(B).

2. The application of § 922(o)(1) to Viriyapanthu's possession of a machine gun would fall within the Commerce Clause power. The machine gun possession ban is part of a "detailed and comprehensive statutory regime" to regulate interstate commerce in firearms. *United States v. Stewart*, 451 F.3d 1071, 1076 (9th Cir. 2006), *overruled on another ground by Dist. of Columbia v. Heller*, 554 U.S. 570, 594–95 (2008). In light of the "established and lucrative" interstate market for machine guns, "Congress had a rational basis for concluding that[,] in the aggregate," the possession of M-16 pieces that can be reassembled into a full, automatic machine gun receiver, "could substantially affect interstate commerce in machineguns." *See id*. at 1077–78; *see also* 26 U.S.C. § 5845(b).

3. We exercise our discretion to review Viriyapanthu's Fifth Amendment self-incrimination claim, which he raises for the first time on appeal,

because it presents a purely legal issue and review at this stage does not prejudice ATF. *See Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 975 n.4 (9th Cir. 2011). Unlike the plaintiffs in *Haynes v. United States*, 390 U.S. 85 (1968), and *Leary v. United States*, 395 U.S. 6 (1969), the statutes here at issue do not require individuals to register contraband acquired via unregistered, and thus illegal, transfers. Rather, the statutes here *forbid* registration of a machine gun that was either acquired in an unregistered transfer or not lawfully possessed prior to 1986. *See Hunter*, 73 F.3d at 261–62. Nor does the policy forwarded by ATF in the district court proceedings impose a separate legal requirement that Viriyapanthu submit his pieces or any information to ATF. As no legal obligation is imposed upon Viriyapanthu to provide incriminating information to the government, the privilege against self-incrimination does not apply. *See Haynes*, 390 U.S. at 94–96.

4.      Viriyapanthu's Motion to Take Judicial Notice (Docket No. 21) is DENIED. The documents relate only to arguments raised for the first time in his reply brief and are not relevant to the issues properly before the court. *Cf. Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 n.6 (9th Cir. 2007).

**AFFIRMED.**