**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ROBERT STANARD, <br><br> Defendant-Appellant. | No. 18-30162 <br><br> D.C. No. 2:16-cr-00320-RSM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted September 4, 2020
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and SOTO,[**] District Judge.

Robert Stanard appeals his conviction, after a jury trial, for being a felon in possession of a firearm (Count One), 18 U.S.C. § 922(g)(1); being a felon in possession of ammunition (Count Two), *id*.; possessing an unregistered silencer (Count Three), 26 U.S.C. §§ 5841, 5861(d), 5871; and conspiring to obstruct justice (Count Four), 18 U.S.C. §§ 371, 1503. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

1. We reject Stanard's argument that the district court erred in denying his motion to suppress the evidence of the firearms and ammunition found in his house and garage. Reviewing for clear error and drawing all inferences in favor of the court's decision, *see United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004), we conclude that the district court properly found that Stanard's wife Anna had voluntarily consented to show an officer, who was responding to a domestic violence report against Stanard, the loaded pistol in the lockbox in the Stanards' bedroom and the firearms and ammunition in the safe in their garage.

As the district court specifically found after considering the testimony at the suppression hearing, Anna was treated by the officers as a victim rather than a suspect; she was never in custody or handcuffed or threatened with arrest; and the officers never drew their weapons on her. *See United States v. Brown*, 563 F.3d 410, 416 (9th Cir. 2009); *Patayan Soriano*, 361 F.3d at 504. Further, the officer never told Anna that he "could obtain a search warrant if [she] refused to consent." *United States v. Russell*, 664 F.3d 1279, 1282 (9th Cir. 2012); *see also Patayan Soriano*, 361 F.3d at 504. The court also noted that Anna was very cooperative with the officers, leading them to the gun in the bedroom and then to the gun safe in the garage and opening it. Although no *Miranda* warnings were given and Anna was never expressly told that she could refuse to consent, those considerations do not weigh against voluntariness in light of the officers' treatment of her as a victim

and her own cooperative attitude.  While the district court recognized that Anna was obviously emotional at the time, that was understandable given the immediately preceding events, and the court reasonably concluded that, considering all of the circumstances, that did not render her consent involuntary. There was no clear error.  *See Patayan Soriano*, 361 F.3d at 501.

2.  Stanard also argues, for the first time on appeal, that the statutes underlying Counts One through Three, *see* 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d), exceed the scope of Congress's Commerce Clause authority under *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000).  We have held, however, after the Supreme Court rendered its decisions in *Lopez* and *Morrison*, that the prohibitions in 18 U.S.C. § 922(g) are a valid exercise of Congress's authority under the Commerce Clause.  *United States v. Latu*, 479 F.3d 1153, 1156–57 (9th Cir. 2007).  After *Lopez*, but before *Morrison*, we also held that 26 U.S.C. § 5861(d) is a valid exercise of Congress's taxing power.  *Hunter v. United States*, 73 F.3d 260, 262 (9th Cir. 1996); *cf. National Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 567 (2012) (noting that the Court had upheld, under the taxing power, "such obviously regulatory measures as taxes on . . . sawed-off shotguns" in *Sonzinsky v. United States*, 300 U.S. 506, 513 (1937)).  In support of his contention that *Latu* and *Hunter* were wrongly decided, Stanard points to the various dissents in *United States v.*

*Alderman*, 565 F.3d 641 (9th Cir. 2009) (rejecting challenge under *Lopez* and *Morrison* to 18 U.S.C. § 931, which criminalizes possession of body armor), *reh'g en banc denied*, 593 F.3d 1141 (9th Cir. 2010), *cert. denied*, 562 U.S. 1163 (2011). We are, of course, bound by the majority opinion in *Alderman*, whose reasoning only further underscores that this three-judge panel lacks authority to reconsider *Latu* or *Hunter*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

3. Stanard contends that, under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the indictment in this case was deficient because it did not allege that he had knowledge of his status as a felon, which is what made it unlawful for him to possess the firearms and ammunition. Because Stanard did not raise this challenge below, we review only for plain error, which requires Stanard to "show that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). Stanard cannot establish the third and fourth prongs of plain error review because he cannot show that an error-free indictment would have led to a different outcome here. *See United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019). Stanard stipulated that he had been previously convicted of a felony, and the jury heard overwhelming testimony from the Stanards' roommate,

Anna, Anna's mother, and Stanard himself that Stanard knew he was not permitted to possess firearms or ammunition due to his prior felony conviction. There is no reasonable probability that, but for the error, the outcome would have been any different. *Johnson*, 979 F.3d at 638.

4. Finally, Stanard argues, for the first time on appeal, that his convictions for being a felon in possession of a firearm and for being a felon in possession of ammunition are multiplicitous. Reviewing for plain error, *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007), we reject this contention.

In *United States v. Keen*, 104 F.3d 1111 (9th Cir. 1996), we held that a defendant may not be convicted and sentenced for multiple violations of 18 U.S.C. § 922(g)(1) based on the simultaneous possession of a firearm and its accompanying ammunition. *Id*. at 1118–20. In a footnote, we reserved the question whether the same rule would apply when a gun and its ammunition are held in physically separate places. *Id*. at 1118 & n.11. The record in this case makes it highly unlikely that *Keen*'s rule was violated here. Using a special verdict form for Count One, the jury concluded that Stanard possessed *two* different firearms, an AR-15-style rifle *and* a .380 caliber pistol. On a general verdict form for Count Two, the jury concluded that Stanard possessed ammunition. The uncontroverted evidence at trial established that the .380 pistol was stored in a lockbox in the Stanards' bedroom and the rifle was stored in the Stanards' garage,

which was a separate building that was freestanding from the house. The uncontroverted evidence also established that ammunition for *both* weapons was stored in the garage and that ammunition for the .380 pistol was stored with that pistol in the house. Thus, regardless of whether the ammunition that was the basis of the jury's finding on Count Two related to the rifle or the .380 pistol, the jury necessarily found that Stanard also possessed the *other* firearm. Therefore, Stanard's convictions for possession of a firearm and possession of ammunition involve two different and separately chargeable violations of § 922(g)(1). *See Keen*, 104 F.3d at 1118 n.11; *United States v. Szalkiewicz*, 944 F.2d 653, 653 (9th Cir. 1991); *United States v. Gann*, 732 F.2d 714, 717, 721 (9th Cir. 1984). At a minimum, there was no plain error that affected substantial rights and undermined the fairness, integrity, or public reputation of the proceedings. *Johnson*, 979 F.3d at 636.

    **AFFIRMED.**